IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROSE M. JACQUES,

Plaintiff,

v.

SOLOMON & SOLOMON P.C., et al.,

Defendants.

Civil Action No. 11-801-RGA

MEMORANDUM OPINION

Rose M. Jacques, *Pro se* Plaintiff.

Tracy A. Burleigh, Esq., MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, Wilmington, DE, Attorney for Defendant Northland Group, Inc.

August 21, 2012



**ANDREWS, U.S. DISTRICT JUDGE:**

Plaintiff Rose M. Jacques, appearing *pro se*, filed this action against defendants Northland Group, Inc.,[1] Solomon & Solomon P.C., Todd M. Sardella, Capital One Bank (USA) N.A., Lyons, Doherty & Veldhuis, and NCO Financial Systems, Inc., alleging violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (D.I. 1). Currently before the Court is Northland's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) or, Alternatively, Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56. (D.I. 25). For the reasons that follow, the Court grants Northland's Motion for Judgment on the Pleadings.[2]

## I. BACKGROUND

The following facts are taken from Plaintiff's complaint. Plaintiff is a resident of Delaware. (D.I. 1 at ¶ 6). Northland is a corporation engaged in the business of collecting debts, often by mail or telephone. (*Id.* at ¶ 11). On November 26, 2010, Northland sent a notice of collection of a debt on behalf of creditor Capital One. (*Id.* at ¶¶ 26, 27). Plaintiff sent various letters to Northland disputing the debt, to which Northland did not respond. (*Id.* at ¶¶ 27-29; D.I. 33 at 4). Other debt collectors also attempted to collect alleged debts from Plaintiff prior to Northland's attempt. (*Id.* at ¶¶ 14, 17, 20). Plaintiff sent written notice disputing the debt to these collectors as well. (*Id.* at ¶¶ 15, 18, 21). Plaintiff further alleges that Northland and the

---

[1] Northland is improperly listed in the caption as Northland Financial Group, Inc.

[2] The Court bases its decision solely on the pleadings and, therefore, this motion is addressed only as a motion for judgment on the pleadings.

other collectors failed to report to the credit reporting agencies that the debt was disputed. (*Id.* at ¶ 29). Northland admits that it did not report that Plaintiff had disputed the debt. (D.I. 33 at 4-5).

Plaintiff alleges that Northland violated the FDCPA by failing to verify the debt after Plaintiff sent notice that she disputed the debt, failing to show that it had a contract with Capital One, failing to notify the credit reporting agencies that the debt was disputed, and attempting to collect a debt that was previously disputed to other agencies. Plaintiff also alleges that Northland violated the FCRA by accessing Plaintiff's credit report without a permissible purpose and failing to report that the debt was disputed.

## II. STANDARD OF REVIEW

Northland moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56. A motion under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). The court must accept all factual allegations in a complaint as true and "draw[] all reasonable inferences in the plaintiff's favor." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). The motion can be granted only if no relief could be afforded under any set of facts that could be proved. *Turbe*, 938 F.2d at 428. However, the "court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Because Jacques proceeds *pro se*, her pleading is

liberally construed, and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## III. DISCUSSION

### A. FDCPA Claims

The FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive, or unfair debt collection practices by debt collectors." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 400 (3d Cir. 2000); *see also Wright v. Portfolio Recovery Affiliates*, 2011 WL 1226115, at * 4 (D. Del. Mar. 30, 2011). The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692e. A debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," *id.*, nor may a debt collector "use unfair or unconscionable means to collect or attempt to collect any debt." *Id.* § 1692f.

Count 1 of the Complaint raises claims under the FDCPA. Specifically, Plaintiff alleges that Northland violated §§ 1692e(2)(A), 1692e(8), and 1692e(10), which provide that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of –
>
> (A) the character, amount or legal status of any debt;
>
> * * *
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be

> false, including the failure to communicate that a disputed debt is disputed.
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692(e)(2)(A), 1692e(8) and 1692e(10). Plaintiff further alleges that Northland violated §§ 1692 f and 1692f(1), which provide that:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

*Id.* § 1692f. Finally, Plaintiff alleges that Northland violated § 1692g(b), which provides that, if the consumer disputes the debt in writing within thirty days, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt." Plaintiff's claims seem to rest on four allegations: (1) Northland failed to validate the debt upon Plaintiff's dispute (D.I. 1 at ¶ 29; D.I. 31 at ¶ 35); (2) Northland failed to show that it had a contract with Capital One (D.I. 31 at ¶ 34); (3) Northland attempted to collect on a debt that was previously disputed to other agencies (D.I. 1 at ¶ 52; D.I. 31 at ¶ 25); and (4) Northland failed to notify the credit reporting agencies that Plaintiff disputed the debt. (D.I. 1 at ¶29; D.I. 31 at ¶ 36).

As to the first three allegations, each of which relate to the validity of the debt and

whether Northland had the authority to attempt to collect it, the Complaint fails to state a claim against Northland. Northland had no obligation to verify the debt. Once a consumer disputes a debt, the debt collector has a choice whether to verify the debt or cease collection efforts. 15 U.S.C. § 1692g(b); *see Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 940 (9th Cir. 2007) (stating that "[n]othing in [§ 1692g(b)] suggests an independent obligation to verify a disputed debt where the collector abandons all collection activity with respect to the consumer"); *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 482 (7th Cir. 1997) ("When a collection agency cannot verify a debt, the statute allows the debt collector to cease all collection activities at that point without incurring any liability for the mistake."); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1031 (6th Cir. 1992) (holding that debt collector did not violate the FDCPA when it ceased collection activity after receiving request for validation); F.T.C. Staff Opinion Letter, 1997 WL 33791232 (Dec. 23, 1997) ("There is nothing in the FDCPA that requires a response to a written dispute if the debt collector chooses to abandon its collection effort with respect to the debt at issue."); F.T.C. Staff Opinion Letter, 1992 WL 12144210 (Mar. 3, 1992) ("In the event the collector decides not to pursue the collection efforts, there is no requirement to furnish the documentation of the indebtedness to the consumer."). Thus, Northland had no obligation to verify the debt so long as it ceased collection efforts after Plaintiff disputed the debt.[3]

[3] Plaintiff also makes the argument that her notice of dispute to Northland constituted a "self executing contract," to which Northland's failure to respond constituted a "tacit acquiescence that no lawful debt existed." (D.I. 31 at ¶ 31). This purported "contract" is not enforceable. A valid contract exists when (1) the parties intend that the contract would bind them; (2) the terms of the contract are sufficiently definite; (3) the parties exchange legal consideration. *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1158 (Del. 2010). Merely sending an unsolicited offer does not impose upon the party receiving it any duty to speak or deprive the party of its privilege of remaining silent without accepting. Restatement (Second) of Contracts § 69 cmt. a, c. Accordingly, Northland did not "contract" with Plaintiff nor did it agree

Plaintiff does not allege that Northland continued collection efforts after she disputed the debt. Rather, she asserts that Northland's attempt to collect the debt was improper because Capital One and other prior debt collectors had failed to validate the debt. (D.I. 31 at 8, ¶ H). Plaintiff does not allege that Northland had actual knowledge of the prior disputes with Capital One and other debt collectors but instead seeks to impute their knowledge to Northland. The FDCPA does not impose upon a debt collector any duty to investigate independently the validity of the debt. *See Slanina v. United Recovery Sys., LP*, 2011 WL 5008367, at *3 (M.D. Pa. Oct. 20, 2011) ("The FDCPA did not require [the debt collector] to validate the debt prior to its initial contact with [the consumer]."); *Yentin v. Michaels, Louis & Assocs., Inc.*, 2011 WL 4104675, at *9 (E.D. Pa. Sept. 15, 2011) (concluding that no provision of the FDCPA "impos[es] upon a debt collector any duty to 'investigate' debts that it seeks to collect – either before collection activities begin or after a consumer disputes a debt"); *see also Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1174 (9th Cir. 2006) ("[T]he FDCPA did not impose upon [the debt collector] any duty to investigate independently the claims presented by [the creditor]."). Furthermore, "[c]ourts do not impute to debt collectors other information that may be in creditors' files – for example, that debt has been paid or was bogus to start with." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004). Capital One's knowledge that Plaintiff had previously disputed the debt with other debt collectors, therefore, is not imputed to Northland. Accordingly, Northland did not violate the FDCPA by attempting to collect the debt when it had previously been disputed to Capital One and other debt collectors.

Plaintiff also claims that Northland violated the FDCPA by failing to prove that it had a

---

that the debt at issue was not valid.

contract with Capital One to collect the debt. Plaintiff does not cite any provision in the FDCPA that requires a collection agency to prove that it had a contract with the creditor, and the Court is likewise unable to identify one. Even if the FDCPA required a debt collector to prove that it had authority from the creditor to collect an alleged debt, Plaintiff here has conceded that Capital One placed the account with Northland. (D.I. 31 at 4, ¶ 25). There is no dispute that Capital One placed the account with Northland for collection. Thus, the complaint fails to state a claim that Northland violated the FDCPA by failing to prove it had authority from Capital One to collect the alleged debt.

As to the fourth allegation, the complaint also fails to state a claim that Northland violated § 1692e(8) of the FDCPA because Northland did not have a duty to report that Plaintiff disputed the validity of the debt. The duty to report a debt under this section arises only if one elects to report credit information. As the Eighth Circuit has stated:

> Section 1692e generally prohibits "false, deceptive, or misleading representation." "Communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692(a)(2). Reading these provisions together, as we must, the relevance of the portion of § 1692e(8) on which [the Plaintiff] relies "including the failure to communicate that a disputed debt is disputed" – is rooted in the basic fraud law principle that, if a debt collector *elects* to communicate "credit information" about a consumer, it must not omit a piece of information that is always material, namely that the consumer has disputed a particular debt. This interpretation is confirmed by the relevant part of the Federal Trade Commission's December 1988 Staff Commentary on the Fair Debt Collection Practices Act:
>
>> 1. Disputed debt. If a debt collector knows that a debt is disputed by the Consumer . . . *and reports it to a credit bureau*, he must report it is disputed.
>>
>> 2. Post-report dispute. *When a debt collector learns of a*

> *dispute after reporting the debt to a credit bureau, the dispute need not also be reported.*

*Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008) (quoting FTC Staff Commentary, 53 Fed. Reg. 50097-02, 50106) (Dec. 13, 1988)).

Plaintiff does not allege that Northland reported the debt to any credit agency. Northland, therefore, had no affirmative duty to report that the debt was disputed. *See Wilhelm*, 519 F.3d at 418; *see also Donatelli v. Warmbrodt*, 2011 WL 2580442, at *7-8 (W.D. Pa. June 28, 2011) (holding that "[b]ecause [Plaintiff] has failed to establish that the Defendants reported a debt to a credit bureau, his assertion that they are liable for failing to report that the debt was disputed is inaccurate"). Accordingly, the complaint fails to state a claim that Northland violated § 1692e(8) by failing to report that Plaintiff disputed the debt.

**B. FCRA Claims**

The purpose of the FCRA is to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to consumers, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title." 15 U.S.C. § 1681. The complaint alleges that Northland violated § 1681b(f) and § 1681s-2. (D.I. 1 at ¶¶ 70, 76).

Section 1681b(f) provides: "A person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." Section 1681 permits a consumer reporting agency to furnish a consumer report to a person which it has reason to believe "intends to use the

information in connection with a credit transaction involving the consumer on whom the information to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). Thus, accessing a consumer's credit report in connection with collection of a debt is a permissible purpose. *See, e.g.*, *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (holding that the FCRA authorizes use of credit reports in connection with collection of a delinquent account).

To survive a Rule 12(c) motion for a violation of § 1681b, therefore, "a plaintiff must allege with sufficient factual support, that the defendant willfully obtained the plaintiff's credit report without having a purpose to review or collect a debt." *Huertas v. U.S. Dep't. of Educ.*, 2009 WL 3165442, at *9 (D.N.J. Sept. 28, 2009). In other words, "the complaint must allege facts sufficient to demonstrate that the defendant should have known either that it did not intend to use the credit report in connection with a credit transaction involving the plaintiff or involving the collection of an account of the plaintiff." *Id.* (internal quotations and citations omitted).

Plaintiff's conclusory allegation that Northland "accessed Plaintiff['s] TransUnion consumer report without a permissible purpose" (D.I. 1 at ¶ 42), without more, does not satisfy this burden. The complaint does not allege any facts to suggest that Northland did not intend to collect a debt from plaintiff. Indeed, the complaint affirmatively alleges that Northland contacted Plaintiff in an effort to collect a debt. (D.I. 1 at ¶ 26). Although Plaintiff may subjectively believe that Northland only wanted Plaintiff's personal information, she must support that belief with some factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). She has failed to do so and, accordingly, judgment must be entered in favor of Northland as to her claim that Northland violated § 1681b(f).

Plaintiff's claim that Northland violated § 1681s-2 also fails.[4] Although Plaintiff raises this claim in Count III of her Complaint (D.I. 1 at ¶ 76), Plaintiff nowhere addresses it in her brief. Plaintiff's claim rests on her allegation that Northland failed to indicate that Plaintiff disputed the alleged account. Section 1681s-2(a)(3) provides: "If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." First, Plaintiff's claim fails because there is no private right of action to enforce § 1681s-2(a)(3). *See* 15 U.S.C. 1681s-2(d) (setting forth that enforcement of § 1681s-2(a) lies exclusively with federal and state agencies and officials); *see also Wright v. Portfolio Recovery Affiliates*, 2011 WL 1226115, at *3 (D. Del. March 30, 2011). Even assuming there was a private right of enforcement, as discussed in connection with Plaintiff's claim that Northland violated § 1692e(8) of the FDCPA, Northland had no duty to report that the debt was disputed. The complaint does not allege that Northland elected to furnish any information to a consumer reporting agency and, therefore, Northland had no affirmative duty to report that the debt is disputed.[5]

---

[4] The Complaint alleges a violation of § 1681s-2(f), a subsection which does not exist. Because the Complaint alleges that Northland violated this provision of the FCRA "by failing to indicate that the Plaintiff disputed the alleged account" (D.I. 1 at ¶ 76), the Court will analyze Plaintiff's claim under § 1681s-2(a)(3), which sets forth a duty to provide notice of a disputed debt.

[5] It is unclear to the Court whether Plaintiff intended to assert Counts IV and V against Northland. Those counts appear to be addressed only to Capital One. Count V, however, at least makes reference to Defendants (plural). To the extent Plaintiff intended to assert these counts against Northland, these counts also fail to state a claim against Northland. For the reasons discussed in this opinion, Northland had no duty to report that Plaintiff disputed the debt and, therefore, cannot be liable for willful or negligent non-compliance with the FCRA reporting requirement.

## IV. CONCLUSION

For the reasons set forth above, the Court will grant Northland's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c). An order consistent with this Opinion will be entered.